NO.
12-11-00237-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

GARY
MAURICE WELLS,                               §                 APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

PER CURIAM

            This
appeal is being dismissed for want of jurisdiction.  Appellant was convicted of
burglary of a habitation after pleading guilty.  

            As
pertinent here, Texas Rule of Appellate Procedure 26.2 provides that an appeal
is perfected when notice of appeal is filed within thirty days after the day
the trial court imposes sentence in open court.  Tex. R. App. P. 26.2(a)(1).  The trial court imposed sentence
in open court on June 14, 2011.  Therefore, Appellant’s notice of appeal was
due to have been filed on or before July 14, 2011.  However, Appellant did not
file his notice of appeal until August 4, 2011, and did not file a motion for
extension of time to file his notice of appeal as permitted by Texas Rule of
Appellate Procedure 26.3.  See Tex.
R. App. P. 26.3 (appellate court may extend time for filing notice of
appeal if, within fifteen days after deadline for filing notice of appeal,
appellant files notice of appeal in trial court and motion complying with Texas
Rule of Appellate Procedure 10.5(b) in appellate court).

            On
August 10, 2011, this court notified Appellant that his notice of appeal was
untimely and that there was no timely motion for an extension of time to file
the notice of appeal as permitted by Rule 26.3.  Appellant was further informed
that the appeal would be dismissed unless, on or before August 22, 2011, the
information filed in this appeal was amended to show the jurisdiction of this
court.  The August 22 deadline has passed, and Appellant has neither shown the
jurisdiction of this court nor otherwise responded to its August 10, 2011
notice.

            Because
this court has no authority to allow the late filing of a notice of appeal
except as provided by Rule 26.3, the appeal must be dismissed.  See Slaton
v. State, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Accordingly, the
appeal is dismissed for want of jurisdiction.

Opinion delivered August 24,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)